OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, without costs.
Petitioner, an inmate of Great Meadow Correctional Facility, was charged in a misbehavior report with assault and fighting in violation of prison disciplinary rules. The misbehavior report, dated the day after the incident, was prepared *966 and signed by a correction officer who had not himself witnessed the events but, according to the petition, had obtained a statement from the victim. The report recited the full details of the incident, including time, place, circumstances, and the names of three participants (including petitioner), and it described both petitioner’s role in the attack and the victim’s injury — a cut over his left eye. At the disciplinary hearing, the victim denied the assault, denied that petitioner had anything to do with his injury, denied speaking to a correction officer about the incident, and further testified that the cut over his eye was the result of having tripped and hit his head "against the floor or the table.” Based on the misbehavior report and the victim’s testimony, petitioner was found guilty of both charges; the Hearing Officer explicitly rejected the victim’s recantation as incredible. Petitioner now asserts that the finding of guilt was not supported by substantial evidence because the author of the misbehavior report did not personally observe the incident.
A written misbehavior report can constitute substantial evidence of an inmate’s misconduct (Matter of Perez v Wilmot, 67 NY2d 615, 616-617; People ex rel. Vega v Smith, 66 NY2d 130). The focus of the court’s inquiry therefore is not on whether the evidence is hearsay, but on whether it is "sufficiently relevant and probative” (Matter of Perez v Wilmot, supra; People ex rel. Vega v Smith, supra, at 140) to constitute substantial evidence. A misbehavior report may be made by an employee "who has observed the incident or who has ascertained the facts.” (7 NYCRR 251-1.4 [b].) Here, the misbehavior report was made by an employee who ascertained the facts from the victim just after the assault, and it contained a highly detailed account of the incident given at that time, including a description of the attack on him. The victim’s injury unquestionably occurred, and was observable. There was no evidence of any motive to implicate petitioner falsely. The victim’s later denials and explanations for the injury at the disciplinary hearing served only to present a credibility issue, which the Hearing Officer — having seen and heard the victim testify — resolved in favor of the statements made in the misbehavior report. In these circumstances, we conclude that the determination was supported by substantial evidence.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Judgment affirmed, without costs, in a memorandum.