■ In the Matter of JAVIER RODRIQUEZ, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [656 NYS2d 405] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After a tier III hearing conducted at Southport Correctional Facility in Chemung County, petitioner, a prison inmate, was found guilty of violating prison disciplinary rules prohibiting violent conduct and assault on staff stemming from an incident which occurred at Great Meadow Correctional Facility in Washington County on August 25, 1995. After the determination was affirmed upon administrative appeal, petitioner com-

menced this CPLR article 78 proceeding seeking to annul the determination.

Initially, we find that the misbehavior reports combined with the testimony of three correction officers involved in the incident provided substantial evidence to support the determination of guilt (*see, Matter of Chappelle v Coombe*, 234 AD2d 779, 780). The contradiction between petitioner's version of the incident and the testimony of the correction officers presented a credibility issue which required resolution by the Hearing Officer (*see, Matter of Collazo v Coombe*, 235 AD2d 654). We likewise reject petitioner's contention that the misbehavior reports were improperly endorsed. Even assuming that there were employees with personal knowledge who failed to sign the reports, petitioner demonstrated no prejudice as a result of such omission. Therefore, the technical defect, if any, was harmless (*see, Matter of Bolling v Coombe*, 234 AD2d 730).

Petitioner also contends that the Hearing Officer was not impartial. The record, however, does not support any claim of bias or that the outcome of the hearing flowed from the alleged bias (*see, Matter of Nieves v Coughlin*, 157 AD2d 943). Furthermore, petitioner's assertion that he did not receive effective employee assistance because he was mistakenly given photographs other than those he requested is also unavailing; not only did petitioner sign the form indicating that he had received satisfactory assistance, but the correct photographs were obtained and presented to petitioner at the hearing (*see, Matter of Green v Coombe*, 234 AD2d 756, 757).

Finally, petitioner contends that he was improperly denied his due process and regulatory rights to present documentary evidence, i.e., a videotape of the alleged incident. Petitioner contends that the videotape was exculpatory. He claims that the tape substantiated his assertions that he did not assault the correction officers but that they had assaulted him without provocation. The record indicates that petitioner was transferred from Great Meadow to Southport between August 26, 1995 and September 5, 1995. On September 5, 1995, petitioner met with his assigned employee assistant at Southport and requested, *inter alia*, preservation of the videotape. This request occurred 11 days after the incident and three days before the commencement of his hearing on September 8, 1995. On September 7, 1995, his employee assistant reported that Great Meadow had recycled the videotape.

In *Matter of Espinal v Coughlin* (153 AD2d 778, *appeal dismissed* 74 NY2d 944, *lv denied* 75 NY2d 705), we held that a failure to preserve a videotape recording of a misbehavior

incident did not constitute bad faith resulting in a deprivation of due process (see, Arizona v Youngblood, 488 US 51) where a showing was made that the tape was destroyed as a result of a reasonable policy of tape reuse. In Espinal, we found the institution's seven-day policy of tape reuse after a misbehavior incident reasonable because, as we noted, disciplinary hearings are generally commenced within that time period (see, 7 NYCRR 251-5.1 [a]) and because the record established that "tapes [were] kept for more than seven days when an 'unusual incident report' is filed and when the incident is 'very serious'" (Matter of Espinal v Coughlin, supra, at 778). The misbehavior incident was not considered egregious in that case. In the instant case, however, an unusual incident report was filed and the seriousness of the charges, assaults on staff, is beyond question. Indeed, the seriousness of the charges was one of the reasons given by the Hearing Officer in support of the penalty imposed.* The present record does not contain an explanation why the videotape was recycled prior to the commencement of petitioner's hearing, leaving unanswered the question of whether it was destroyed in bad faith. Under these particular circumstances, we find it necessary to remit this matter to respondents for supplementation of the record on this issue (see, Matter of Espinal v Coughlin, 149 AD2d 904).

Crew III, Peters, Spain and Carpinello, JJ., concur. Adjudged that the decision is withheld, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.

---

* Petitioner received 730 days in the special housing unit starting May 17, 1997 and 365 days' loss of good time.