■ In the Matter of JONATHAN ODOM, Petitioner, v GLENN S. GOORD, as Commissioner of the State of New York Department of Correctional Services, et al., Respondents. [685 NYS2d 122] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was the subject of three misbehavior reports resulting in separate prison disciplinary hearings. At the conclusion of the first hearing, petitioner was found guilty of violating the prison disciplinary rule that prohibits refusing to obey a direct order. Following the second hearing, he was found guilty of lying and interfering with an employee. After the final hearing, he was found guilty of possessing an altered item, in this instance a dragline used to pull items from one inmate's cell to another. Our review of the record discloses that all three findings of guilt were supported by substantial evidence. The first decision rendered by the Hear-

ing Officer was based upon, among other evidence, a detailed misbehavior report and the testimony of the correction officer who had witnessed the conduct in question. The testimony of the author of the misbehavior report in the second proceeding recounted the investigation undertaken regarding petitioner's lost package claim, which revealed that petitioner had signed a receipt for the package and acknowledged the return of two items to the sender. The third decision was based upon the misbehavior report and petitioner's own testimony that the confiscated dragline was his. To the extent that petitioner's testimony differed from that of the correction officers and from the descriptions of the misconduct set forth in the misbehavior reports, this presented questions of credibility for resolution by the Hearing Officer (*see, Matter of Rodriguez v Coombe*, 238 AD2d 691; *Matter of Ayala v Coombe*, 227 AD2d 752). Because substantial evidence supported the findings of petitioner's guilt, the determinations under review are confirmed (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966).

We note that petitioner's assertion that he failed to receive adequate employee assistance in the course of the disciplinary hearings is without merit. Petitioner was repeatedly offered the services of an employee assistant; however, when the employee assistant of his choice was not available to take his case, petitioner refused to accept the services of anyone else. By his refusal to accept assistance from any of the available employees, petitioner waived his right to such representation (*see, Matter of Dawes v Coughlin*, 176 AD2d 415, 416, *lv denied* 79 NY2d 751). Petitioner's remaining contentions, including his assertion of Hearing Officer bias, have been examined and found to be either without merit or unpreserved for our review (*see, Matter of Adelman v Coombe*, 235 AD2d 883; *Matter of Cowart v Pico*, 213 AD2d 853, *lv denied* 85 NY2d 812).

Cardona, P. J., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.