■ In the Matter of MOSES McBRIDE, Petitioner, v DONALD SELSKY, as Special Housing Unit and Inmate Discipline Program Director, Respondent. [684 NYS2d 669] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit creating a disturbance and assaulting a staff member. Presented in evidence at petitioner's disciplinary hearing was the inmate misbehavior report which related that a correction officer stopped by petitioner's cell to determine why he had not joined the line of inmates who were about to leave for the mess hall. When the correction officer entered the cell, petitioner assaulted the officer, knocking him to the floor and punching him repeatedly in the face, even after the officer had been rendered unconscious. Upon the approach of additional correction officers, petitioner urged his fellow inmates to resist, shouting "[F]uck these CO's". A second officer was knocked down by an inmate before the situation could be brought under control.

Fully consistent with the narrative of the misbehavior report was the eyewitness testimony of the correction officer who arrived at the scene while petitioner's assault on the first correction officer was in progress, enabling the officer to positively identify petitioner as the perpetrator. We find that the detailed misbehavior report, together with the supporting testimony of the correction officer, constituted substantial evidence of petitioner's guilt (see, Matter of Foster v Coughlin, 76 NY2d 964, 966). While petitioner's testimony and that of his inmate witnesses differed from the evidence presented against him, this raised questions of credibility for resolution by the Hearing Officer (see, Matter of Rodriquez v Coombe, 238 AD2d 691; Matter of Ayala v Coombe, 227 AD2d 752).

The record does not support petitioner's assertion of Hearing Officer bias. Our review discloses that the hearing was conducted in a fair and impartial manner and that every effort was made to accommodate petitioner and his demands for the production of witnesses and documentary evidence (see, Matter of Dumpson v Mann, 225 AD2d 809, lv denied 88 NY2d 805). Petitioner's requests were denied only in instances where the requested evidence would have been irrelevant to the issue of his guilt of the charged violations (see, id., at 811). We further reject petitioner's contention that the penalty of 48 months' confinement in the special housing unit with a commensurate

loss of privileges and good time was overly severe. Petitioner's unprovoked and violent attack on a correction officer was an extremely serious disciplinary infraction that warranted a significant penalty (*see, Matter of Bodden v Coughlin*, 217 AD2d 765).

We have examined petitioner's remaining contentions and find them to be either without merit or unpreserved for our review.

Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.