In the Matter of ALVIN WHITT, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [688 NYS2d 349] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: The determination that petitioner violated inmate rule 116.11 (7 NYCRR 270.2 [B] [17] [ii] [tampering with personal property without authorization]) is supported by substantial evidence (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139). The misbehavior report specifies that the security tape was broken on the television in petitioner's cell. The testimony of petitioner that the tape was perfect when he received the television a month before and that he did not break the tape presented an issue of credibility for the Hearing Officer to resolve (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966).

Respondent concedes that the determination that petitioner

violated inmate rule 113.23 (7 NYCRR 270.2 [B] [14] [xiv]) is not supported by substantial evidence. Consequently, we modify the determination and grant in part the petition by annulling the determination that petitioner violated inmate rule 113.23. Because one penalty was imposed and the record fails to specify any relation between the violations and the penalty, we further modify the determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violation (*see, Matter of Brooks v Coughlin,* 182 AD2d 1115, 1116). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Green, Pigott, Jr., Scudder and Callahan, JJ.