■ In the Matter of J. W. HARDY, Petitioner, v STATE OF NEW YORK, DEPARTMENT OF CORRECTIONAL SERVICES, et al., Respondents. [691 NYS2d 588] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules which prohibit smuggling and exchanging a controlled substance. According to the misbehavior report, petitioner was observed pulling what appeared to be hand-rolled cigarettes and sugar packets from his pants and then passing these items to two different inmates. The confiscated items tested positive for the presence of marihuana. At the outset, we note that the Attorney General concedes, and our review of the record confirms, that there is insufficient evidence to support that part of the determination finding petitioner guilty of smuggling, which requires that this charge be annulled and expunged from petitioner's institutional record and, since the penalty imposed included a loss of good time, the matter must be remitted to respondents for a redetermination of the penalty imposed (*see, Matter of Rowe v Goord*, 257 AD2d 935).

Turning to the remaining charge of exchanging a controlled substance, we initially conclude that the determination of guilt is supported by substantial evidence in the record. The clear and detailed misbehavior report was not only sufficient to afford petitioner with the requisite notice of the charges against him (*see, Matter of Alvarado v Goord*, 252 AD2d 650), but was also, combined with the testimony of the misbehavior report's author and petitioner's witnesses, sufficient to substantiate the alleged misconduct (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). To the extent that petitioner's version of events differed from that of the correction officer who witnessed the transactions, this merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of De La Rosa v Portuondo*, 247 AD2d 810, 811).

Finally, we have examined petitioner's residual claims that the Hearing Officer was biased and that he was denied dispositive documentary evidence and, to the extent that they have been preserved for appellate review, we find them to be unpersuasive.

Mikoll, J. P., Mercure, Yesawich Jr., Spain and Graffeo, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of the charge of smuggling; petition granted to that extent, respondents are directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondents for redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.