■ In the Matter of WILSON DIAZ, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [695 NYS2d 139] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules prohibiting fighting, engaging in violent conduct, creating a disturbance and refusing a direct order. At the outset, we note that the Attorney General concedes, and our review of the record confirms, that there is insufficient evidence to support that part of the determination finding petitioner guilty of re-

fusing a direct order, which requires that this charge be annulled and expunged from petitioner's institutional record.*

Turning to petitioner's remaining contentions, we initially conclude that the residual determination of guilt is supported by substantial evidence in the record. The clear and detailed misbehavior report was timely served under the circumstances and not only afforded petitioner the requisite notice of the charges against him (*see, Matter of Alvarado v Goord*, 252 AD2d 650, 650-651) but, when combined with the testimony of the misbehavior report's author, was sufficient to substantiate the alleged misconduct (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). While petitioner denied any involvement in the subject altercation, this merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of De La Rosa v Portuondo*, 247 AD2d 810, 811). The remaining arguments raised by petitioner have been examined and, to the extent that they have been preserved for appellate review, found to be unpersuasive.

Cardona, P. J., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of the charge of refusing a direct order; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.

---

* As the penalty imposed included a loss of good time, the matter must be remitted to respondents for a redetermination of the penalty imposed (*see, Matter of Rowe v Goord*, 257 AD2d 935, 936).