■ In the Matter of ISMAEL PELLOT, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of

Correctional Services, Respondent. [695 NYS2d 755] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Orleans Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of creating a disturbance and disobeying a direct order in violation of certain prison disciplinary rules. According to the misbehavior report, petitioner and his cellmate refused orders to stop kicking their cell door and screaming for supplies. The issue presented is whether this determination is supported by substantial evidence (see, Matter of Foster v Coughlin, 76 NY2d 964, 966; People ex rel. Vega v Smith, 66 NY2d 130).

A review of the transcript of the hearing reveals the following. The only evidence of petitioner's guilt is the misbehavior report which the Hearing Officer found was not based on first-hand knowledge; petitioner claims that the correction officer filing the report did not see petitioner either kicking on the cell door or screaming for supplies (the videotape of the area is inconclusive as to whether the correction officer filing the report actually went to the cell during the disturbance). Petitioner testified that during the disturbance he was playing solitaire and listening to music with his headphones on, that his cellmate is a chain smoker and was creating the disturbance because he was out of matches, that petitioner and his cellmate are too large to stand at the cell door simultaneously, and that petitioner took no part in the disturbance. The Hearing Officer advised petitioner that in a two-person cell, when a disturbance is created, both are charged the same as if contraband had been found in a two-person cell and that petitioner failed to prove that he was not guilty of the offenses charged. The record contains a statement from petitioner's cellmate that exonerates petitioner and admits that the cellmate was solely responsible for the disturbance created and was the only one who failed to obey a direct command.

Under these circumstances, we conclude that the misbehavior report does not constitute substantial evidence as defined in Matter of Foster v Coughlin (supra) and People ex rel. Vega v Smith (supra) and that the determination that petitioner is guilty of the violations charged be annulled and the matter expunged from his prison record.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.