■ In the Matter of ALEX BLACK, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [705 NYS2d 311] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: The second misbehavior report, augmented by the testimony of one author and petitioner's admissions, constitutes substantial evidence supporting the determination that petitioner violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i]), 115.10 (7 NYCRR 270.2 [B] [16] [i]), and 118.22 (7 NYCRR 270.2 [B] [19] [iv]) (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139). Petitioner's explanation of the events served to present a credibility issue for the Hearing Officer to resolve (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966).

As conceded by respondent, there is insufficient evidence to support the determination that petitioner violated inmate rules 114.10 (7 NYCRR 270.2 [B] [15] [i]), 107.20 (7 NYCRR 270.2 [B] [8] [iii]), and 180.10 (7 NYCRR 270.2 [B] [26] [i]) as charged in the first misbehavior report. We therefore modify the determination and grant the petition in part by annulling the determination that petitioner violated those inmate rules. Because one penalty was imposed and the record fails to specify any re-

lation between the violations and the penalty, we further modify the determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violations (*see, Matter of Whitt v Goord,* 259 AD2d 1045, 1046). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pigott, Jr., P. J., Pine, Wisner and Scudder, JJ.