In the Matter of KENNETH JENKINS, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [711 NYS2d 820] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: The misbehavior report and videotape of the subject incident constitute substantial evidence supporting the determination that petitioner violated inmate rules 104.11 (7 NYCRR 270.2 [B] [5] [ii] [engaging in violent conduct]), 104.13 (7 NYCRR 270.2 [B] [5] [iv] [creating a disturbance]), 100.11 (7 NYCRR 270.2 [B] [1] [ii] [assaulting a staff member]) and 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusing to obey a direct order]) (*see, People ex rel. Vega v Smith,* 66 NY2d 130, 139). Petitioner's explanation of the events presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966).

Respondent concedes that there is insufficient evidence to support the determination that petitioner violated inmate rules 105.12 (7 NYCRR 270.2 [B] [6] [iii] [engaging in unauthorized organizational activity]) and 113.21 (7 NYCRR 270.2 [B] [14] [xii] [possessing unauthorized literature]). We therefore modify the determination and grant the amended petition in part by annulling the determination that petitioner violated inmate rules 105.12 and 113.21. Because respondent imposed a single penalty and the record does not establish any relation between the violations and the penalty imposed, the penalty is vacated

and the matter is remitted to respondent for imposition of an appropriate penalty on the remaining violations (*see, Matter of Whitt v Goord*, 259 AD2d 1045, 1046). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.