■ In the Matter of NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Petitioner-Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents-Petitioners. [713 NYS2d 631] —Determination unanimously modified on the law and as modified confirmed without costs, petition of Niagara Frontier Transportation Authority granted in part, petition of Leverda Jones and cross petition dismissed and matter remitted to respondent-petitioner New York State Division of Human Rights for further proceedings in accordance with the following Memorandum: In this proceeding transferred to this Court pursuant to Executive Law § 298, petitioner-respondent Niagara Frontier Transportation Authority (NFTA) seeks annulment of the determination of respondent-petitioner Commissioner of the New York State Division of Human Rights (Division) that NFTA unlawfully discriminated against respondent-petitioner (complainant), an African-American woman, when it denied her employment applications for two positions. We conclude that the determination that NFTA unlawfully discriminated against complainant for one of the positions, Secretary to the Transportation Superintendents, is not supported by substantial evidence, i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). In order to meet her initial burden of establishing a prima facie case of discrimination by a preponderance of the evidence (*see, Texas Dept. of Community Affairs v Burdine,* 450 US 248, 252-253; *McDonnell Douglas Corp. v Green,* 411 US 792, 802; *Ferrante v American Lung Assn.,* 90 NY2d 623, 629), complainant had to demonstrate, *inter alia,* that the denial of the position "occurred 'under circumstances which give rise to an inference of unlawful discrimination'" (*Sogg v American Airlines,* 193 AD2d 153, 156, *lv denied* 83 NY2d 754, *lv dismissed* 83 NY2d 846, *rearg denied* 83 NY2d 954, quoting *Texas Dept. of Community Affairs v Burdine, supra,* at 253; *see, McDonnell Douglas Corp. v Green, supra,* at 802). Complainant failed to meet that burden

with respect to this position. The Commissioner adopted the finding of the Administrative Law Judge (ALJ) that the person who made the hiring decision with respect to that position was Caucasian, but the record establishes that the person was African-American. The Commissioner also adopted the finding of the ALJ that complainant was the better qualified candidate, but the record establishes that the person hired for that position had almost 20 years more experience than complainant and a greater knowledge of computers.

We conclude, however, that the determination of unlawful discrimination with respect to the second position, Secretary to the General Manager, is supported by substantial evidence. Complainant established a prima facie case of discrimination with respect to that position (*see, Sogg v American Airlines, supra,* at 156). Despite the erroneous finding of the ALJ, adopted by the Commissioner, that the person hired had not previously worked for NFTA, we conclude that complainant established, *inter alia,* that she was denied the position under circumstances giving rise to an inference of discrimination; she established that she was the better qualified candidate and that the persons responsible for hiring were informed of the race of the applicants before the hiring decision was made. The burden then shifted to NFTA to rebut the presumption of discrimination by establishing, through admissible evidence, a legitimate nondiscriminatory reason for its decision, and NFTA failed to meet that burden (*see, Texas Dept. of Community Affairs v Burdine, supra,* at 254-255; *Ferrante v American Lung Assn., supra,* at 629; *cf., McDonnell Douglas Corp. v Green, supra,* at 802-803).

Complainant was awarded damages of $7,500 for mental anguish and humiliation. Because one award of damages was made and the record fails to specify any relation between the determinations of unlawful discrimination and that award, the award of damages for mental anguish and humiliation must be vacated (*see generally, Matter of Whitt v Goord,* 259 AD2d 1045, 1046).

The award for back pay was calculated using the date and salary on which the position of Secretary to the Transportation Superintendents was filled. Based on our conclusion that there was no unlawful discrimination for that position, the award of back pay must be recalculated using the date and salary on which the position of Secretary to the General Manager was filled. We modify the determination and grant the petition of NFTA in part, therefore, by annulling the determination that NFTA unlawfully discriminated against complainant with re-

spect to the position of Secretary to the Transportation Superintendents and by vacating the awards of back pay and damages for mental anguish and humiliation, and we remit the matter to the Division for a recalculation of back pay and for an award of damages for mental anguish and humiliation. In view of our determination, we dismiss the petition of complainant and the cross petition of the Division for judicial enforcement. (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Erie County, Glownia, J.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Balio, JJ.