■ In the Matter of JAMES E. CLIFF, Petitioner, v DONALD
SELSKY, as Appeal Reviewer, Respondent. [740 NYS2d 532]
—Carpinello, J. Proceeding pursuant to CPLR article 78
(transferred to this Court by order of the Supreme Court,
entered in Washington County) to review a determination of
the Commissioner of Correctional Services which found
petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with creating
a disturbance, disobeying a direct order and threatening staff
as the result of an incident in the facility weight yard. After
being found guilty of the charges at a tier III hearing and fol-
lowing an unsuccessful administrative appeal, petitioner com-
menced this CPLR article 78 proceeding to review the
determination. Petitioner's initial arguments focus on what he
claims to be a number of procedural errors.

The claim that the hearing was delayed without proper
extensions is not supported by the record. In any event,
petitioner has alleged no prejudice from the delay (*see, Matter
of Byas v Goord*, 272 AD2d 800, *lv denied* 95 NY2d 765). In
support of his claim that he was not provided with adequate
employee assistance, he notes that the assistant failed to obtain
statements from two correction officers as requested by
petitioner. The assistant reported, however, that the officers
stated that they would testify at the hearing and the record
reveals that petitioner made no effort to have them called as
witnesses at the hearing. With regard to the documents
requested by petitioner, he was provided with some and
informed that others did not exist, were confidential or were
irrelevant. The videotape of the yard was recycled in good faith
(*see, Matter of Rodriquez v Coombe*, 238 AD2d 691). Accord-
ingly, the assistant did all that was possible.

The detailed misbehavior report and testimony of the author
of the report confirming its accuracy provided substantial evi-
dence to support the determination of petitioner's guilt (*see,
Matter of Cliff v Brady*, 290 AD2d 895). Petitioner's denials
and the exculpatory testimony of his witnesses created a ques-
tion of credibility for the Hearing Officer to resolve (*see, Matter
of Ellison v Goord*, 269 AD2d 639). We reject petitioner's claim
that he was entitled to collateral information regarding the

author of the misbehavior report which, according to petitioner, might have been relevant to the author's credibility. We also find no evidence in the record to support petitioner's claim that the Hearing Officer was biased or that the determination flowed from an alleged bias and not from the substantial evidence of petitioner's guilt (*see, Matter of Stile v Goord*, 285 AD2d 693). We have considered petitioner's other arguments and find them without merit.

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.