■ In the Matter of JAMES TELFORD, Petitioner, v WILLIAM MAZZUCA et al., Respondents. [741 NYS2d 898] —Proceeding pursuant to CPLR article 78 to review a determination of the respondents dated August 15, 2000, which confirmed a determination of a hearing officer dated June 12, 2000, made after a tier III disciplinary hearing, finding the petitioner guilty of harassment, disobeying a direct order, and refusing a search and frisk, and imposed a penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

There is substantial evidence in the record supporting the respondents' determination that the petitioner was guilty of harassment, disobeying a direct order, and refusing a search and frisk (*cf. Matter of Foster v Coughlin,* 76 NY2d 964, 966; *People ex rel. Vega v Smith,* 66 NY2d 130, 139).

The petitioner's remaining contentions are without merit. Smith, J.P., O'Brien, McGinity and Townes, JJ., concur.

■ In the Matter of BARBARA WORLDS, Petitioner, v SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [741 NYS2d 898] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Temporary and Disability Assistance, dated August 1, 2000, which, after a hearing, confirmed a determination of the Suffolk County Department of Social Services, dated March 22, 2000, which discontinued a grant of public assistance.

Adjudged that the determination is confirmed and the petition is denied on the merits, without costs or disbursements.

The petitioner brought this proceeding on behalf of her grandson to review a determination terminating his public assistance payments. The determination to discontinue benefits was properly based on the fact that the recipient's income exceeded the eligibility limits established by 18 NYCRR 352.18 (c). The income received by the recipient as part of the proceeds of a wrongful death settlement were not exempt from consideration in determining the recipient's eligibility (*see* 18 NYCRR 352.22 [e]).

The petitioner's remaining contention is without merit. Florio, J.P., O'Brien, McGinity and H. Miller, JJ., concur.