■ In the Matter of ALFONSO KNIGHT, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Programs, Respondent. [747 NYS2d 55]

Petitioner was found guilty of violating the prison disciplin-

ary rules prohibiting unauthorized exchange of property, possession of contraband and possession of narcotics. The reporting correction officer testified that he had observed an envelope attached to a dragline emanating from petitioner's cell. Upon retrieving the envelope, he found that it contained a green, leafy substance which subsequent laboratory testing identified as marihuana.

Substantial evidence of petitioner's guilt was presented in the form of the misbehavior report, the testimony of the reporting officer who observed petitioner's conduct and the supporting documentation and testimony establishing the positive laboratory test results (*see Matter of Cruz v Selsky*, 288 AD2d 517, 518; *Matter of Colon v Coombe*, 232 AD2d 701). Petitioner's hearing testimony, in which he admitted that he had been "fishing," i.e., exchanging items between cells by means of a dragline, but denied that the confiscated substance was marihuana, raised an issue of credibility for resolution by the Hearing Officer (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Odom v Goord*, 257 AD2d 868, 869).

Petitioner contends that the laboratory test results are invalid due to the fact that the date of the misbehavior report (June 24, 2001) precedes the date of the laboratory test results (June 25, 2001). This contention is without merit. The reporting correction officer explained that the misbehavior report bore the date of the incident and that the NIK testing was not completed until the day after the incident. The reporting correction officer then added the test results to the misbehavior report on June 26, 2001 and the misbehavior report was then served on petitioner. We find that the difference in dates discredits neither the test results nor the misbehavior report. We are further satisfied that the drug tests were performed in accordance with the required procedures and that an unbroken chain of custody was established (*see Matter of Smart v Goord*, 266 AD2d 606). Petitioner's remaining claims lack any merit. The determination is, accordingly, confirmed.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.