■ In the Matter of TODD CHANEY, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [828 NYS2d 604]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in two misbehavior reports with two counts of unauthorized legal assistance and two counts of unauthorized exchange of property. The first report charged petitioner with possession of two folders containing legal materials for another inmate. When questioned, petitioner admitted that he was working on a case for the other inmate without authorization to do so. The second report stated that a search of petitioner's prison cell revealed legal work belonging to other inmates. When confronted, petitioner again admitted that he did not have permission to be in possession of

the paperwork. Following a single tier III disciplinary hearing for both reports, petitioner was found guilty of only the unauthorized legal assistance charges. After this determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. Petitioner argues that the finding of unauthorized legal assistance is not supported by substantial evidence. To the contrary, we find that the misbehavior reports, the testimony of the correction officers who authored the reports, petitioner's admissions, coupled with the testimony of inmate witnesses, constitute substantial evidence to sustain the administrative finding of guilty (*see Matter of Knight v Selsky*, 297 AD2d 845 [2002]; *Matter of Borcsok v Selsky*, 296 AD2d 678 [2002], *lv denied* 98 NY2d 616 [2002]). Petitioner's arguments that he was not providing legal assistance, but only aiding in the inmates' grievances, that—in the alternative—he had permission to provide legal assistance, and that the misbehavior reports were filed in retaliation for certain prior actions taken by petitioner were belied by the record, including petitioner's own admissions. In any event, his testimony raised issues of credibility for resolution by the Hearing Officer (*see Matter of Odom v Goord*, 257 AD2d 868 [1999]).

Petitioner's contention that the hearing was untimely completed (*see* 7 NYCRR 251-5.1 [b]) also should be rejected. Even accepting that this argument was properly preserved, we note that the regulatory time limits are directory, not mandatory; further, there is no evidence of any prejudice as a result of the delay (*see Matter of Bilbrew v Goord*, 33 AD3d 1107 [2006]; *Matter of James v Goord*, 28 AD3d 885 [2006]). Finally, petitioner's claim that he was improperly denied prehearing assistance is unpreserved for review insofar as petitioner raised no objection at the hearing (*see Matter of Vaughn v Selsky*, 276 AD2d 958 [2000], *appeal dismissed* 96 NY2d 753 [2001]). In any event, on the record before us, petitioner was not entitled to employee assistance (*see* 7 NYCRR 251-4.1 [a]) and we find no error in the Hearing Officer's failure to exercise his discretionary authority to provide assistance (*see* 7 NYCRR 251-4.1 [b]; *Matter of Miller v Goord*, 2 AD3d 928 [2003]). Moreover, petitioner has failed to demonstrate that he suffered prejudice from the lack of assistance (*see Matter of Vann v Costello*, 285 AD2d 924 [2001]).

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.