■ In the Matter of DARREN STATON, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [839 NYS2d 820]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered July 20, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating prison disciplinary rules that prohibit inmates from possessing money or engaging in unauthorized exchanges or smuggling. The charges stem from allegations that petitioner gave two envelopes, one containing cash and the other containing pictures, to an inmate to give to another inmate. After a hearing, petitioner was found guilty of the charges. On administrative appeal, the determination of guilt was upheld prompting this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We are unpersuaded by petitioner's argument that the determination was not supported by substantial evidence.* The misbehavior report, coupled with the testimony of the sergeant who authored it and who interviewed the confidential informant, the testimony of the correction officer who received the envelopes and petitioner's admissions, constitute substantial evidence to support the determination of guilt (*see Matter of Chaney v Selsky*, 35 AD3d 1109 [2006]; *Matter of Dexter v McGinnis*, 16 AD3d 793 [2005]). Although petitioner denied possessing the envelope containing the cash, his denial created a credibility issue for the Hearing Officer to resolve (*see Matter of Chaney v Selsky, supra*). Moreover, contrary to petitioner's contention, the record indicates that the Hearing Officer independently assessed the reliability of the confidential informant through a detailed exchange between himself and the sergeant who interviewed the informant (*see Matter of Catlin v Gouverneur Correctional Facility*, 38 AD3d 1025 [2007]; *Matter of Berry v Portuondo*, 6 AD3d 848, 849 [2004]). Finally, the misbehavior report was properly authored by the correction officer who conducted the investigation after he "ascertained the facts of the incident" (7 NYCRR 251-3 [b]; *see Matter of Haynes v Andrews*, 283 AD2d 746, 747 [2001]).

Petitioner's remaining contentions are either without merit or unpreserved for our review.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Since the petition raised an issue of substantial evidence, the matter should have been transferred to this Court pursuant to CPLR 7804 (g). Thus, we shall treat it as having been properly transferred and decide the issue de novo (*see e.g. Matter of Morales v Selsky*, 281 AD2d 658 [2001], *lv denied* 96 NY2d 713 [2001]).