Matter of Lago v Annucci (2019 NY Slip Op 08044)





Matter of Lago v Annucci


2019 NY Slip Op 08044


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


976 TP 19-00995

[*1]IN THE MATTER OF JAMES LAGO, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered May 21, 2019) to review a determination of respondent. The determination found after a tier III hearing that petitioner violated various inmate rules. 
It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 102.10 (7 NYCRR 270.2 [B] [3] [i]) and as modified the determination is confirmed without costs and respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule.
Memorandum: Petitioner commenced this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul a determination, following a tier III disciplinary hearing, that he violated inmate rules 102.10 (7 NYCRR 270.2 [B] [3] [i] [threats]), 103.10 (7 NYCRR 270.2 [B] [4] [i] [extortion]), and 107.20 (7 NYCRR 270.2 [B] [8] [iii] [false statement]). As respondent correctly concedes, the determination that petitioner violated inmate rule 102.10 is not supported by substantial evidence. We therefore modify the determination by granting the petition in part and annulling that part of the determination finding that petitioner violated that rule, and we direct respondent to expunge from petitioner's institutional record all references thereto (see Matter of Washington v Annucci, 150 AD3d 1700, 1700-1701 [4th Dept 2017]). Inasmuch as petitioner has already served the penalty and there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty (see id. at 1701). Contrary to petitioner's contention, the determination finding that he violated rules 103.10 and 107.20 is supported by substantial evidence (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court