Matter of Edwards v Annucci (2021 NY Slip Op 06485)





Matter of Edwards v Annucci


2021 NY Slip Op 06485


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


740.1 TP 21-00169

[*1]IN THE MATTER OF THOMAS EDWARDS, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






THOMAS EDWARDS, PETITIONER PRO SE. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Erin P. Gall, J.], entered January 13, 2021) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated inmate rules 104.11 (7 NYCRR 270.2 [B] [5] [ii] [violent conduct]) and 104.12 (7 NYCRR 270.2 [B] [5] [iii] [demonstration]). Contrary to petitioner's contention, the misbehavior report, hearing testimony, and confidential information constitute substantial evidence supporting the determination that he violated those inmate rules (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; Matter of Watson v Annucci, 173 AD3d 1606, 1606 [4th Dept 2019]). Petitioner's denials raised, at most, an issue of credibility for resolution by the Hearing Officer (see Foster, 76 NY2d at 966). We have reviewed petitioner's remaining contentions and conclude that none warrants a different result.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court