# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1070

TP 12-00637

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF TROY BRITT, PETITIONER,

V                                           MEMORANDUM AND ORDER

HEARING OFFICER WILLIAM EVANS, RESPONDENT.

---

TROY BRITT, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Livingston County [Dennis S.
Cohen, A.J.], dated January 23, 2012) to review a determination of
respondent. The determination found after a Tier III hearing that
petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously
modified on the law and the petition is granted in part by annulling
that part of the determination finding that petitioner violated inmate
rule 113.11 (7 NYCRR 270.2 [B] [14] [ii]) and vacating the recommended
loss of good time and as modified the determination is confirmed
without costs, respondent is directed to expunge from petitioner's
institutional record all references to the violation of that rule, and
the matter is remitted to respondent for further proceedings in
accordance with the following Memorandum: Petitioner commenced this
CPLR article 78 proceeding seeking to annul the determination,
following a Tier III hearing, that petitioner had violated various
inmate rules, including inmate rules 108.13 (7 NYCRR 270.2 [B] [9]
[iv] [possession of escape paraphernalia]), 113.10 (7 NYCRR 270.2 [B]
[14] [i] [possession of weapon]), and 113.11 (7 NYCRR 270.2 [B] [14]
[ii] [possession of altered item]). As respondent correctly concedes,
the determination with respect to inmate rule 113.11 (7 NYCRR 270.2
[B] [14] [ii]) is not supported by substantial evidence (*see generally
People ex rel. Vega v Smith*, 66 NY2d 130, 139). We conclude, however,
that there is substantial evidence to support the determination with
respect to the remaining inmate rules. The misbehavior report,
together with the hearing testimony of the correction officers,
constituted substantial evidence that, inter alia, petitioner was in
possession of escape items and a weapon (*see Matter of Foster v
Coughlin*, 76 NY2d 964, 966; *Smith*, 66 NY2d at 139). Petitioner's
testimony denying his guilt of all violations merely presented issues
of credibility that the Hearing Officer was entitled to resolve

against him (*see Foster*, 76 NY2d at 966).

Petitioner's remaining contentions were not raised at the Tier III hearing and therefore are not preserved for our review (*see Matter of Reeves v Goord*, 248 AD2d 994, 995, *lv denied* 92 NY2d 804). Moreover, petitioner failed to raise the following contentions in his administrative appeal: he was denied the right to observe the search of his cell; the time of the incident listed on the misbehavior report was too vague; the Hearing Officer had no right to call or cross-examine the correction officers who testified; the Hearing Officer was biased; the misbehavior report and charges were too poorly drafted for petitioner to understand the charges; the Hearing Officer erred in allowing a certain correction officer to remain in the hearing room; petitioner did not receive adequate employee assistance; the Hearing Officer suppressed evidence in order to find petitioner guilty; petitioner never received a written statement of the disposition and the evidence relied upon; and he was improperly precluded from the remainder of the Tier III hearing. Petitioner thus failed to exhaust his administrative remedies with respect to those contentions, "and this Court has no discretionary authority to reach [them]" (*Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071, *appeal dismissed* 81 NY2d 834).

We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated inmate rule 113.11 (7 NYCRR 270.2 [B] [14] [ii]), and we direct respondent to expunge from petitioner's institutional record all references to the violation of that inmate rule. Although we need not remit the matter to respondent for reconsideration of those parts of the penalty already served by petitioner, we note that there was also a recommended loss of good time, and the record does not reflect the relationship between the violation and that recommendation. We therefore further modify the determination by vacating the recommended loss of good time, and we remit the matter to respondent for reconsideration of that recommendation (*see Matter of Monroe v Fischer*, 87 AD3d 1300, 1301).

Entered: November 9, 2012                    Frances E. Cafarell
                                             Clerk of the Court