# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**162**

**TP 12-01634**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF PAUL COOKHORNE,
PETITIONER-PLAINTIFF,

V                                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-DEFENDANT.

---

KAREN MURTAGH, EXECUTIVE DIRECTOR, PRISONERS' LEGAL SERVICES OF NEW YORK, BUFFALO (MARIA E. PAGANO OF COUNSEL), FOR PETITIONER-PLAINTIFF.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT-DEFENDANT.

-----------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 and declaratory judgment action (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Donna M. Siwek, J.], entered August 30, 2012) to review a determination of respondent-defendant and for an order declaring, among other things, that the age of sixteen and seventeen year old prisoners housed in New York State adult correctional facilities must be considered by respondent-defendant as a mitigating factor in all disciplinary proceedings. The determination found after a Tier III hearing that petitioner-plaintiff had violated various inmate rules.

It is hereby ORDERED that the order insofar as it transferred that part of the proceeding/action seeking declaratory relief is unanimously vacated without costs, the declaratory judgment action and CPLR article 78 proceeding are severed, the declaratory judgment action is remitted to Supreme Court, Erie County, for further proceedings, and the determination is modified in the exercise of discretion and the petition in the CPLR article 78 proceeding is granted in part by reducing the penalties of confinement in the Special Housing Unit and loss of good time and other privileges to a period of 18 months and as modified the determination is confirmed without costs.

Memorandum: In this hybrid CPLR article 78 proceeding and declaratory judgment action, petitioner-plaintiff (petitioner) challenges the determination following a Tier III prison disciplinary hearing finding him guilty of violating various inmate rules, including inmate rules 100.11 (7 NYCRR 270.2 [B] [1] [ii] [assault on

staff]) and 104.11 (7 NYCRR 270.2 [B] [5] [ii]), and requests certain declaratory relief.  The charges stem from an incident in which petitioner was alleged to have injured a correction officer.  As a preliminary matter, we note that we do not have jurisdiction to consider the declaratory judgment action as part of this otherwise properly transferred CPLR article 78 proceeding.  We therefore vacate the order insofar as it transferred the declaratory judgment action, sever the declaratory judgment action and CPLR article 78 proceeding, and remit the declaratory judgment action to Supreme Court for further proceedings (*see Matter of Applegate v Heath*, 88 AD3d 699, 700; *Matter of Coleman v Town of Eastchester*, 70 AD3d 940, 941; *see also Matter of Cram v Town of Geneva*, 182 AD2d 1102, 1102-1103).

We reject petitioner's contention that the record lacks substantial evidence to support the determination that he violated the various inmate rules as charged in the misbehavior report.  Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180).  We conclude that the misbehavior report, the testimony of a correction officer and the photographic evidence constitute substantial evidence that petitioner violated the charged inmate rules (*see Matter of Bryant v Coughlin*, 77 NY2d 642, 647).

We agree with petitioner, however, that the punishment imposed of four years' confinement in the Special Housing Unit (SHU) together with four years' loss of good time and various privileges " 'is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck*, *Westchester County*, 34 NY2d 222, 233; *see generally Matter of Ciotoli v Goord*, 256 AD2d 1192, 1193).  When considering the fact that petitioner was only 17 years old at the time of the incident, all of the circumstances surrounding the incident, as well as the disciplinary guidelines of respondent-defendant, we conclude that the maximum penalty that should have been imposed in this case is 18 months' confinement in the SHU together with the loss of 18 months' good time credit and 18 months' loss of phone, commissary and package privileges.  We therefore modify the determination accordingly.  Finally, we note that nothing herein should be construed as limiting the scope of the issues to be litigated or the relief to which petitioner may be entitled in deciding the causes of action pleaded in the declaratory judgment action.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court