■ In the Matter of ALTON C. HUTCHINSON, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [977 NYS2d 506]—

Egan Jr. J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered August 29, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

In February 2007, petitioner, a prison inmate, commenced an action in federal court claiming that correction officers had violated his constitutional rights. Petitioner agreed to accept $7,500 in settlement of his claim, and that agreement was reduced to a court order in July 2011. Shortly thereafter, the Director of the Office of Victim Services of the Department of Corrections and Community Supervision notified the New York State Office of Victim Services (hereinafter OVS) of the award. As a result, OVS commenced an action for damages on behalf of one of petitioner's victims and obtained a temporary restraining order that enjoined petitioner from accessing the settlement funds. In response, petitioner filed a grievance, alleging that the director impermissibly reported the settlement to OVS. Ultimately, the Central Office Review Committee denied petitioner's grievance, after which he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Judicial review of the denial of an inmate grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law (*see Matter of Abreu v Fischer*, 97 AD3d 877, 878 [2012], *appeal*

*dismissed* 19 NY3d 1096 [2012]; *Matter of Brooks v Fischer*, 95 AD3d 1578, 1578 [2012]). Initially, we reject petitioner's assertion that reporting of the settlement was in violation of Executive Law § 632-a. While that statute requires notification when the value of a payment to a prisoner exceeds $10,000, nothing in the law prohibits the reporting of a lesser amount (*see* Executive Law § 632-a [2] [a] [ii]). Additionally, Department of Corrections and Community Supervision Directive No. 4036 [I] provides that, "[i]n accord with the provisions of the federal Prisoners Litigation Reform Act of 1995, the Department shall make reasonable efforts to notify crime victims that monetary damages are about to be paid to an offender pursuant to a civil action against a federal, state or local correctional facility." The directive further provides that, upon receipt of notice of the imminent payment of an award, the Department's Office of Victim Assistance "shall notify" OVS so that the latter may notify victims and assist them with a civil action should they wish to pursue one (Dept of Corrections & Community Supervision Directive No. 4036 [IV] [B]). Accordingly, we discern no basis upon which to overturn the denial of petitioner's grievance. Petitioner's remaining contentions have been examined and found to be without merit.

Peters, P.J., Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.