# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1306
TP 14-00907
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

IN THE MATTER OF SHAWN GREEN, PETITIONER,

V                                                    MEMORANDUM AND ORDER

THOMAS J. STICHT, ACTING SUPERINTENDENT, WENDE
CORRECTIONAL FACILITY, RESPONDENT.

SHAWN GREEN, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Erie County [Christopher J.
Burns, J.], entered May 21, 2014) to review determinations of
respondent.  The determinations, among other things, found after a
tier III hearing that petitioner had violated two inmate rules.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination following a tier III hearing that
he violated two inmate rules, and also seeking to annul the
determinations of the Central Office Review Committee of the
Department of Correctional Services denying four separate grievances.
Contrary to the contention of petitioner, we conclude that Supreme
Court properly transferred the entire proceeding to this Court
inasmuch as the "petition raises a substantial evidence question, and
the remaining points made by petitioner are not objections that could
have terminated the proceeding within the meaning of CPLR 7804 (g)"
(*Matter of Quintana v City of Buffalo*, 114 AD3d 1222, 1223, *lv denied*
23 NY3d 902).

Contrary to petitioner's further contention, we conclude that the
inmate misbehavior report "provided him with adequate notice of the
charges as required by 7 NYCRR 251-3.1 (c)" (*Matter of Jones v
Fischer*, 111 AD3d 1362, 1363; *see Matter of Quintana v Selsky*, 268
AD2d 624, 625; *Matter of Couch v Goord*, 255 AD2d 720, 721-722).  We
reject the contention of petitioner that his employee assistant was
ineffective because he failed to obtain certain documentary evidence.
The employee assistant "cannot be faulted for . . . failing to provide
petitioner with documentary evidence that did not exist" (*Matter of*

*Melluzzo v Selsky*, 287 AD2d 850, 851), and the record establishes that petitioner was provided with all relevant documentation except that containing confidential information (*see Matter of Lebron v McGinnis*, 26 AD3d 658, 658-659, *lv denied* 7 NY3d 704).

We reject petitioner's contention that the record lacks substantial evidence to support the determination that he violated the two inmate rules as charged in the misbehavior report. Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180). We conclude that the misbehavior report, the testimony of two correction officers, and information received from a confidential informant constitute substantial evidence that petitioner violated the charged inmate rules (*see Matter of Stewart v Fischer*, 109 AD3d 1122, 1123, *lv denied* 22 NY3d 858; *Matter of Cookhorne v Fischer*, 104 AD3d 1197, 1198; *Matter of Britt v Evans*, 100 AD3d 1408, 1408-1409). Petitioner's contention that the charges were brought against him in retaliation for grievances he filed merely presented an issue of credibility that the Hearing Officer was entitled to resolve against him (*see Britt*, 100 AD3d at 1409; *Matter of Bramble v Mead*, 242 AD2d 858, 858-859, *lv denied* 91 NY2d 803), and the record does not support petitioner's contention that the Hearing Officer was biased against him (*see Matter of Sabino v Hulihan*, 105 AD3d 1426, 1426). Contrary to petitioner's further contention, the Hearing Officer properly refused petitioner's request to call witnesses who lacked firsthand knowledge of the incident in question and who would have provided testimony concerning any alleged retaliation that was redundant at best (*see* 7 NYCRR 254.5 [a]; *Matter of Huggins v Noeth*, 106 AD3d 1351, 1352; *Matter of Encarnacion v Goord*, 286 AD2d 828, 829, *lv denied* 97 NY2d 606).

With respect to the determinations denying petitioner's grievances, it is well established that "[j]udicial review of the denial of an inmate grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (*Matter of Hutchinson v Fischer*, 112 AD3d 1245, 1245, *lv denied* 23 NY3d 903; *see Matter of Wooley v New York State Dept. of Corr. Servs.*, 15 NY3d 275, 280, *rearg denied* 15 NY3d 841; *Matter of Soto v Central Off. Review Comm. of the Dept. of Corr. & Community Supervision*, 118 AD3d 1229, 1231). Here, we conclude that there is a rational basis for the denial of each of petitioner's grievances, and that the denials were not arbitrary or capricious (*see Matter of Jones v Fischer*, 110 AD3d 1295, 1296, *lv denied* 23 NY3d 955; *Matter of Ramsey v Fischer*, 93 AD3d 1000, 1001, *lv dismissed* 19 NY3d 955; *Matter of Cliff v Brady*, 290 AD2d 895, 896, *lv dismissed in part and denied in part* 98 NY2d 642).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court