Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered February 28, 2017) to review two determinations of respondent. The determinations found after tier III hearings that petitioner had violated various inmate rules.
 

 It is hereby ordered that the determination finding petitioner guilty of violating inmate rule 101.22 (7 NYCRR 270.2 [B] [2] [v]) is unanimously annulled on the law without costs, the petition is granted in part, respondent is directed to expunge from petitioner’s institutional record all references to that violation and to refund the $5 surcharge, and the remaining determination is confirmed.
 

 Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul two determinations, following two separate tier III disciplinary hearings, that he violated various inmate rules. The first determination concerned an incident that occurred on May 20, 2016, and the second determination concerned an incident that occurred on May 23, 2016. Addressing first the determination related to the May 23, 2016 incident, we conclude that respondent correctly concedes that the determination finding that petitioner violated inmate rule 101.22 (7 NYCRR 270.2 [B] [2] [v] [stalking]) is not supported by substantial evidence. We therefore grant the petition in part by annulling the determination finding that petitioner violated that inmate rule, and we direct respondent to expunge from petitioner’s institutional record all references to that violation and to refund the $5 surcharge related thereto.
 

 Contrary to petitioner’s remaining contention, the determination related to the May 20, 2016 incident, finding that he violated inmate rules 103.10 (7 NYCRR 270.2 [B] [4] [i] [extortion]), 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to obey order]), 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with employee]) and 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]), is supported by substantial evidence (see People ex rel. Vega v Smith, 66 NY2d 130, 139-140 [1985]; Matter of Green v Sticht, 124 AD3d 1338, 1339 [2015], lv denied 26 NY3d 906 [2015]). At the hearing, petitioner pleaded guilty to violating rules 106.10 and 107.10, and he does not challenge his guilt with respect to violating those rules. “ ‘In any event, the guilty plea constitutes substantial evidence of his guilt’ ” (Matter of Holdip v Travis, 9 AD3d 825, 826 [2004]; see Matter of Liner v Fischer, 96 AD3d 1416, 1417 [2012]).
 

 With respect to the remaining two inmate rules, the misbehavior report and the testimony of its author constitute substantial evidence that petitioner violated them (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; Vega, 66 NY2d at 140). Petitioner’s testimony that he did not commit the violations “merely presented an issue of credibility that the Hearing Officer was entitled to resolve against him” (Green, 124 AD3d at 1339; see Foster, 76 NY2d at 966).
 

 Present — Centra, J.P., Carni, Lindley, Troutman and Winslow, JJ.