Matter of Henderson v Annucci (2019 NY Slip Op 06290)





Matter of Henderson v Annucci


2019 NY Slip Op 06290


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


576 TP 19-00050

[*1]IN THE MATTER OF MICHAEL HENDERSON, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered January 10, 2019) to review two determinations of respondent. The determinations found after two separate tier III hearings that petitioner had violated various inmate rules. 
It is hereby ORDERED that said proceeding with respect to the determination dated January 2, 2018 is unanimously dismissed, and the determination dated January 25, 2018, as modified by an administrative order dated March 6, 2018, is confirmed without costs and the petition with respect to that determination is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul two determinations, following two separate tier III hearings, that he violated certain inmate rules. After petitioner commenced this proceeding, respondent issued an administrative order reversing the first determination, dated January 2, 2018, and directing that all references to the subject disciplinary proceeding be expunged from petitioner's record. We therefore conclude that the proceeding insofar as it relates to the first determination should be dismissed as moot (see Matter of Free v Coombe, 234 AD2d 996, 996 [4th Dept 1986]).
Contrary to petitioner's contention, the second determination, dated January 25, 2018, which as modified by an administrative order dated March 6, 2018, found that he violated inmate rules 180.11 (7 NYCRR 270.2 [B] [26] [ii] [facility correspondence violation]) and 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]), is supported by substantial evidence (see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; People ex rel. Vega v Smith, 66 NY2d 130, 139-140 [1985]). Petitioner's contention that the charges were brought against him in retaliation for grievances he filed merely presented an issue of credibility that the Hearing Officer was entitled to resolve against him (see Foster, 76 NY2d at 966; Matter of Britt v Evans, 100 AD3d 1408, 1409 [4th Dept 2012]; Matter of Bramble v Mead, 242 AD2d 858, 858-859 [4th Dept 1997], lv denied 91 NY2d 803 [1997]). Petitioner's remaining contention is not preserved because it was not raised at the tier III hearing (see Matter of Reeves v Goord, 248 AD2d 994, 995 [4th Dept 1998], lv denied 92 NY2d 804 [1998]). Moreover, petitioner failed to exhaust his administrative remedies with respect to that contention because he failed to raise it in his administrative appeal, " and th[is C]ourt has no discretionary [authority] to reach [it]' " (Britt, 100 AD3d at 1409).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court