■ In the Matter of MICHAEL HORN, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [604 NYS2d 300] —Weiss, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty after a Superintendent's hearing of violating prison disciplinary rule 102.10 (7 NYCRR 270.2 [B] [3] [i] [making a threat]). The Hearing Officer dismissed charges that petitioner had disobeyed a direct order or created a disturbance. After affirmance on administrative appeal, petitioner initiated the instant proceeding contending that the determination is not supported by substantial evidence and that the Hearing Officer was not impartial.

The record shows that on August 3, 1992 petitioner was served with an inmate misbehavior report alleging that he disobeyed a direct order, created a disturbance and uttered a threat during the morning mess on August 3, 1992. The report was authored by Correction Officer C. Zeunges and provided the sole support of the charges at the hearing. Petitioner was limited to calling three inmate witnesses, each of whom

testified that no such incident occurred. Correction Officer B. Cicero, who was in charge of petitioner's company, heard petitioner making statements with some of the same words used in the misbehavior report, but rather than a threat toward Zeunges, Cicero heard petitioner make a few comments to an inmate who was being searched to the effect "don't worry about it". While a misbehavior report may alone meet the standards of the substantial evidence test *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139-140; *see also, Matter of Foster v Coughlin,* 76 NY2d 964), those standards have not been met in the instant matter. The allegations contained in the report were essentially discredited not only by the correction officer in charge of and who observed petitioner, but also by the testimony of petitioner and his three inmate witnesses. That testimony was sufficient to result in the outright dismissal of the two charges which were basic elements of the alleged overall incident of which the remaining charge was a part. In view of the entire record, the misbehavior report was inadequate to substantiate the remaining charge. Accordingly, the determination must be annulled.

Mercure, Crew III and White, JJ., concur. Adjudged that the determination is annulled, with costs, and petition granted.