In the Matter of R. R. ROBERTS, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Programs of New York State Department of Correctional Services, et al., Respondents. [681 NYS2d 714] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: After a Tier III hearing, petitioner was found guilty of violating inmate rule 101.10 (7 NYCRR 270.2 [B] [2] [i] [inmates shall not engage in, encourage, solicit or attempt to force others to engage in sexual acts]). The misbehavior report constitutes substantial evidence supporting the determination (see, *Matter of Parker v Coughlin*, 211 AD2d 929; see also, *People ex rel. Vega v Smith*, 66 NY2d 130, 139). Petitioner's explanation of the incident at the disciplinary hearing served only to present a credibility issue, which the Hearing Officer resolved in favor of the correction officer's version of the incident (see, *Matter of Foster v Coughlin*, 76 NY2d 964, 966). Contrary to petitioner's contention, the misbehavior report was not so discredited that it was insufficient to support the determination of guilt (cf., *Matter of Horn v Coughlin*, 198 AD2d 745).

We reject petitioner's contention that intermittent gaps in the hearing transcript require annulment. "[T]he missing testimony 'is neither material to the determination nor of such significance as to preclude meaningful review' (*Matter of Rodriguez v Coughlin*, 167 AD2d 671)" (*Matter of Torres v Coombe*, 234 AD2d 710, 710-711).

The record does not support petitioner's contention that the Hearing Officer was biased (*see, Matter of Parker v Coughlin, supra; Matter of Martinez v Scully*, 194 AD2d 679). Petitioner's contention that the rules fail to state the range of disciplinary sanctions lacks merit (*see, Matter of Coleman v Kelly*, 72 NY2d 850, 852). The penalty imposed is not excessive. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Cayuga County, Corning, J.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.