■ In the Matter of MICHAEL HENRIQUEZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [741 NYS2d 584] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from making threats after he mailed 10 letters to various state and federal agencies in which he explained that he was infatuated with a certain female correction officer. Petitioner requested that a meeting be scheduled with the officer so that he could express his amorous feelings

for her and attempt to persuade her that she harbored similar feelings for him. Petitioner added that he would be "handcuffed and shackled" during the anticipated private meeting, apparently to allay any concern that the officer would be placed in physical jeopardy.

While petitioner's conduct in sending copies of this letter to various governmental agencies was a fatuous and futile act, it cannot properly be construed as threatening conduct. In cases where prison inmates have been found guilty of making threats to correction officers, they have uttered or sent written threats directly to the officer (*cf.*, *Matter of Polanco v Johns*, 260 AD2d 706; *Matter of Osorio v McClellan*, 238 AD2d 636; *Matter of Smith v Coughlin*, 198 AD2d 726). In the matter under review, however, petitioner did not communicate with the officer in question nor with anyone else at the facility. In addition, he made no threats in his letter and endeavored to render himself less threatening by offering to be manacled during the proposed meeting. We conclude that the determination finding petitioner guilty of making threats is not supported by the requisite substantial evidence and it is, accordingly, annulled.

Mercure, J.P., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.