■ In the Matter of DENZEL ALLEN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [788 NYS2d 511]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rule against making threats. According to the misbehavior report, after the reporting correction officer issued a razor to petitioner and his cellmate, petitioner called out to the officer that, if his cellmate

was not immediately moved from his cell, there would be "serious bloodshed." Petitioner claimed that he used the word "problems" not bloodshed and, in any event, his statement was misinterpreted by the reporting correction officer. Petitioner asserted that his statement was a plea for assistance and did not indicate that he would be the one to cause any harm. According to petitioner, he previously had requested a transfer from his cell because of problems with his cellmate, and that just prior to the razors being issued, his cellmate had challenged him to a fight.

At the hearing, petitioner presented testimony from two facility employee witnesses to verify that he had requested a transfer from his cell due to the intimidating nature of his cellmate. Significantly, one of the witness's testimony was not recorded. Furthermore, although petitioner requested that the author of the misbehavior report be called as a witness, the Hearing Officer stated to petitioner that "two good witnesses" had been presented who were "very clear" and wondered whether the testimony of the reporting correction officer, who was the only facility eyewitness to the event, would be redundant. Petitioner then indicated that, in that case, the reporting correction officer's testimony was not needed. The Hearing Officer found petitioner guilty based on the misbehavior report and what the reporting correction officer "must have thought the situation was."

Although a misbehavior report may constitute substantial evidence to support a determination of guilt (*see People ex rel. Vega v Smith*, 66 NY2d 130, 139-140 [1985]), here, the nonspecific statement made by petitioner and the conclusory determination of what the reporting correction officer "must have thought" were insufficient to provide substantial evidence to support the determination of guilt (*see e.g. Matter of Henriquez v Goord*, 293 AD2d 857 [2002]; *Matter of Horn v Coughlin*, 198 AD2d 745 [1993]). There was no evidence or testimony presented at the hearing to refute petitioner's defense that the statement was not intended as a threat. In fact, the recorded testimony corroborated his assertion that he had requested that he be separated from his cellmate. Furthermore, although petitioner withdrew his request for the reporting correction officer to testify, given the questionable comments by the Hearing Officer, we cannot say that petitioner's waiver of his right to call a witness was knowingly and intelligently made (*see generally Matter of Escoto v Goord*, 9 AD3d 518 [2004]; *Matter of Johnson v Coombe*, 244 AD2d 664 [1997]). Finally, the failure to record any testimony from one of petitioner's witnesses to support his defense precludes meaningful review of the hearing.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.