■ In the Matter of EDGUARDO RODRIGUEZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [797 NYS2d 317]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was placed on a special contraband watch during which a bag containing various items was discovered, including 5.57 grams of a vegetable substance which later tested positive for marihuana. Petitioner was charged in a misbehavior report with drug possession and was found guilty of this charge following a tier III disciplinary hearing. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the testimony of the correction officer who prepared it and who tested the substance, provide substantial evidence supporting the determination of guilt (see Matter of Harris v Selsky, 15 AD3d 708, 709 [2005]; Matter of Perez v Goord, 301 AD2d 996, 997 [2003]). Contrary to petitioner's claim, the misbehavior report contained sufficient detail to give petitioner adequate notice of the charge and "afford him an opportunity to prepare a defense" (Matter of Smith v Portuondo, 309 AD2d 1028, 1028 [2003]; see Matter of Jackson v Smith, 13 AD3d 685, 685-686 [2004], lv denied 4 NY3d 707 [2005]). Furthermore, we find no due process violation in the failure to provide petitioner with documents that did not exist (see Matter of Spirles v Goord, 308 AD2d 610, 611 [2003]; Matter of Cornwall v Goord, 287 AD2d 911, 911-912 [2001]), and here, no photographs of the seized contraband were taken and none existed.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.