In the Matter of Ellis Douglas, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [806 NYS2d 270]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an incident in which petitioner refused a correction officer's directive to return an item to his cell, he was charged in a misbehavior report with refusing a direct order and possessing authorized articles in an unauthorized area. Immediately following this incident, while petitioner was being escorted back to his cell, he became involved in a physical altercation with a correction officer, necessitating the interven-

tion of other staff members and the use of mechanical restraints. He was charged in a second misbehavior report with assaulting staff. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. The determination was affirmed on administrative appeal, although the penalty was modified. This CPLR article 78 proceeding ensued.

Initially, we note that inasmuch as petitioner has not pursued a challenge to the sustained charges in the first misbehavior report, i.e., refusing a direct order and possessing authorized articles in an unauthorized area, we deem such claims to be abandoned (*see Matter of Martinez v Goord,* 17 AD3d 804, 805 n [2005]), and the determinations of guilt related to that misbehavior report confirmed.

With respect to the second misbehavior report, however, we reach a different result. The record discloses that certain of the hearing testimony, including the entire testimony from an inmate testifying on petitioner's behalf, is missing from the hearing transcript. According to petitioner, this circumstance deprived him of his right to present certain arguments and constitutional objections relating to his claim of innocence of the charge of assaulting a staff member. Notably, while the parties dispute the contents of the testimony of petitioner's inmate witness, the fact remains that the Hearing Officer cited the inmate's testimony as one of the factors considered in rendering the determination of guilt on this charge. Accordingly, the failure to record that testimony "precludes meaningful review of the hearing" (*Matter of Allen v Goord,* 14 AD3d 961, 962 [2005]) and, therefore, annulment of the charge of assault on staff is required. Given that conclusion, it is unnecessary to address petitioner's remaining challenges relating to the second misbehavior report.

Finally, we note that the matter need not be remitted for reassessment of the modified penalty inasmuch as it did not include any loss of good time and petitioner has apparently already served the discipline imposed (*see Matter of Gonzalez v Selsky,* 23 AD3d 724 [2005]).

Cardona, P.J., Mercure, Crew III, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of assaulting a staff member; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.