# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

434
TP 10-02181
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF RIVAS COLON, PETITIONER,

V                                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES, RESPONDENT.

---

RIVAS COLON, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Seneca County [Dennis F. Bender, A.J.], entered November 1, 2010) to review three separate determinations of respondent. The determinations found after Tier III hearings that petitioner had violated various inmate rules.

It is hereby ORDERED that said proceeding with respect to the determination dated April 19, 2010 is unanimously dismissed without costs, the determination dated April 20, 2010 is modified on the law by granting the petition in part, annulling that part of the determination finding that petitioner violated inmate rule 106.10 (7 NYCRR 270.2 [B] [7] [i]) and vacating the penalty and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule, the determination dated April 26, 2010 is confirmed without costs and the petition with respect to that determination is dismissed and the matter is remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul three determinations that he violated various inmate rules as charged in three misbehavior reports. The first determination, dated April 19, 2010, was based on a misbehavior report alleging that defendant violated inmate rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv] [drug use]). After petitioner commenced this proceeding, respondent issued an administrative order reversing the determination that defendant violated that inmate rule and directing that all references to the subject disciplinary proceeding be expunged. We therefore conclude that the proceeding insofar as it relates to the first determination should be dismissed as moot (*see Matter of Free v Coombe*, 234 AD2d 996).

     The second determination, dated April 20, 2010, was based on a misbehavior report alleging that, during a pat frisk, a balloon containing an unknown substance was found in petitioner's pocket. When petitioner attempted to swallow the balloon, a struggle ensued between petitioner and the correction officer who was trying to stop him. During that struggle, petitioner bit the correction officer. As respondent correctly concedes, the determination that petitioner violated inmate rule 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to obey a direct order]) is not supported by substantial evidence. We conclude, however, that there is substantial evidence to support the determination that petitioner violated inmate rules 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with employee]) and 100.11 (7 NYCRR 270.2 [B] [1] [ii] [assault on staff member]). The misbehavior report together with documentary evidence and the hearing testimony of the correction officer, an eyewitness and petitioner constituted substantial evidence that petitioner violated those inmate rules (see generally People ex rel. Vega v Smith, 66 NY2d 130, 139). Contrary to petitioner's contention, the record does not establish "that the Hearing Officer was biased or that the determination flowed from the alleged bias" (Matter of Rodriguez v Herbert, 270 AD2d 889, 890). Although petitioner further contends that the determination is arbitrary and capricious, he failed to raise that contention in his administrative appeal. He thus failed to exhaust his administrative remedies with respect thereto, and this Court has no discretionary power to reach that issue (see Matter of Nelson v Coughlin, 188 AD2d 1071, appeal dismissed 81 NY2d 834).

     We therefore modify the second determination by granting the petition in part and annulling that part of the determination finding that petitioner violated inmate rule 106.10, and we direct respondent to expunge from petitioner's institutional record all references to the violation of that rule. Because a single penalty was imposed for all three violations charged, and the record fails to specify any relation between the violations and that penalty, we further modify the determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violations based on the first misbehavior report (see Matter of Pena v Goord, 6 AD3d 1106, 1106-1107).

     The third determination, dated April 26, 2010, was based on a misbehavior report alleging, inter alia, that petitioner defecated on the floor and then swallowed a piece of a balloon that he retrieved from his feces. Correction officers found additional pieces of balloon in the feces. Contrary to petitioner's contention, the determination that petitioner violated inmate rules 113.23 (7 NYCRR 270.2 [B] [14] [xiii] [contraband]), 106.10 and 107.10 is supported by substantial evidence. The misbehavior report, together with documentary evidence and the testimony of a correction officer constitute substantial evidence supporting the determination (see Matter of Mitchell v Phillips, 268 AD2d 633). Petitioner further contends that he had insufficient notice that pieces of balloon were considered contraband. By failing to raise that contention during the hearing, however, defendant failed to preserve it for our review, and this Court has no discretionary power to reach that issue (see Matter

*of Hamilton v Goord*, 32 AD3d 642, *lv denied* 7 NY3d 715).  We therefore confirm the third determination.

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court