■ In the Matter of SAUL SABINO, Petitioner, v WILLIAM F. HULIHAN, Superintendent, Mid-State Correctional Facility, Respondent. [963 NYS2d 897]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Samuel D. Hester, J.], entered March 1, 2012) to review a determination of respondent. The determination found after a Tier II hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner seeks a review of the determination, following a tier II hearing, that he violated inmate rules 113.22 (7 NYCRR 270.2 [B] [14] [xii] [using or possessing authorized property in an unauthorized area]) and 122.10 (270.2 [B] [23] [i] [smoking in an unauthorized area]). Contrary to petitioner's contention, the misbehavior report and the testimony of the author of that report constitute substantial evidence to support the charges (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]). Petitioner's contention that he was not smoking at the alleged time and place raised an issue of credibility for resolution by the Hearing Officer (*see id.*). The record does not support petitioner's contention that the Hearing Officer was biased against him (*see Matter of Colon v Fischer*, 83 AD3d 1500, 1501-1502 [2011]). Petitioner failed to exhaust his administrative remedies with respect to his remaining contentions by failing to raise them on his administrative appeal, and this Court has no discretionary power to reach those contentions (*see id.* at 1502). Present—Scudder, P.J., Smith, Centra, Carni and Sconiers, JJ.