# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

361

TP 12-01155

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF SAUL SABINO, PETITIONER,

                          V                          MEMORANDUM AND ORDER

WILLIAM F. HULIHAN, SUPERINTENDENT, MID-STATE
CORRECTIONAL FACILITY, RESPONDENT.

---

SAUL SABINO, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Oneida County [Samuel D.
Hester, J.], entered March 1, 2012) to review a determination of
respondent. The determination found after a Tier II hearing that
petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: Petitioner seeks a review of the determination,
following a Tier II hearing, that he violated inmate rules 113.22 (7
NYCRR 270.2 [B] [14] [xii] [using or possessing authorized property in
an unauthorized area]) and 122.10 (270.2 [B] [23] [i] [smoking in an
unauthorized area]). Contrary to petitioner's contention, the
misbehavior report and the testimony of the author of that report
constitute substantial evidence to support the charges (*see Matter of
Foster v Coughlin*, 76 NY2d 964, 966). Petitioner's contention that he
was not smoking at the alleged time and place raised an issue of
credibility for resolution by the Hearing Officer (*see id.*). The
record does not support petitioner's contention that the Hearing
Officer was biased against him (*see Matter of Colon v Fischer*, 83 AD3d
1500, 1501-1502). Petitioner failed to exhaust his administrative
remedies with respect to his remaining contentions by failing to raise
them on his administrative appeal, and this Court has no
discretionary power to reach those contentions (*see id.* at 1502).

Entered: April 26, 2013                          Frances E. Cafarell
                                                 Clerk of the Court