# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

622

TP 15-01810

PRESENT: SMITH, J.P., CENTRA, CARNI, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF LOVELLE G. JONES, PETITIONER,

V                                                    MEMORANDUM AND ORDER

ANTHONY ANNUCCI, RESPONDENT.

---

LOVELLE G. JONES, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Mark H. Fandrich, A.J.], entered October 26, 2015) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules, including inmate rules 180.10 (7 NYCRR 270.2 [B] [26] [i] [facility visiting violation]) and 101.10 (7 NYCRR 270.2 [B] [2] [i] [sexual act]). Petitioner contends that he did not commit the offenses charged but was the victim of retaliation and that, therefore, substantial evidence does not support the determination. We reject that contention. The misbehavior report, together with the testimony of the author of the report who observed the incident, "constitutes substantial evidence supporting the determination that petitioner violated [the] inmate rule[s]" at issue (*Matter of Oliver v Fischer*, 82 AD3d 1648, 1648). Petitioner's denials of the reported misbehavior raised, at most, an issue of credibility for resolution by the Hearing Officer (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966). We reject petitioner's further contention that the Hearing Officer was biased or that the determination flowed from the alleged bias (*see Matter of Colon v Fischer*, 83 AD3d 1500, 1501-1502; *Matter of Roberts v Selsky*, 255 AD2d 977, 978).

Finally, petitioner failed to exhaust his administrative remedies with respect to his contentions that he was denied the right to call witnesses and that he was denied access to an unusual incident report.

Petitioner failed to raise those contentions in his administrative appeal, and this Court "has no discretionary power to reach [them]" (*Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071, *appeal dismissed* 81 NY2d 834).

Entered:  July 1, 2016                                   Frances E. Cafarell
                                                        Clerk of the Court