SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1042**
**TP 16-00257**
PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF DEVIN GRAY, PETITIONER,

V                                          MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Wyoming County [Michael M.
Mohun, A.J.], entered February 18, 2016) to review a determination of
respondent.  The determination found after a tier III hearing that
petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination, following a tier III disciplinary
hearing, that he violated various inmate rules.  Petitioner contends
that substantial evidence does not support the determination that he
violated inmate rule 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to
obey a direct order]).  We reject that contention.  The testimony of
multiple correction officers who witnessed the incident, along with
the documentary evidence considered by the Hearing Officer,
"constitutes substantial evidence supporting the determination that
petitioner violated [that] inmate rule" (*Matter of Oliver v Fischer*,
82 AD3d 1648, 1648; *see Matter of Jones v Annucci*, 141 AD3d 1108,
1108-1109).  Petitioner's testimony that he complied with all direct
orders merely raised an issue of credibility for the Hearing Officer
(*see Matter of Foster v Coughlin*, 76 NY2d 964, 966).

Petitioner failed to exhaust his administrative remedies with
respect to his remaining contentions, and thus this Court "has no
discretionary power to reach" them (*Matter of Nelson v Coughlin*, 188
AD2d 1071, 1071, *appeal dismissed* 81 NY2d 834; *see Jones*, 141 AD3d at

1109).

Frances E. Cafarell
Clerk of the Court