Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered February 18, 2016) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.
*1614 It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules. Petitioner contends that substantial evidence does not support the determination that he violated inmate rule 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to obey a direct order]). We reject that contention. The testimony of multiple correction officers who witnessed the incident, along with the documentary evidence considered by the Hearing Officer, “constitutes substantial evidence supporting the determination that petitioner violated [that] inmate rule” (Matter of Oliver v Fischer, 82 AD3d 1648, 1648 [2011]; see Matter of Jones v Annucci, 141 AD3d 1108, 1108-1109 [2016]). Petitioner’s testimony that he complied with all direct orders merely raised an issue of credibility for the Hearing Officer (see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]).
Petitioner failed to exhaust his administrative remedies with respect to his remaining contentions, and thus this Court “has no discretionary power to reach” them (Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [1992], appeal dismissed 81 NY2d 834 [1993]; see Jones, 141 AD3d at 1109).
Present— Carni, J.P., DeJoseph, NeMoyer, Troutman and Scudder, JJ.