# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**571**
**CA 16-00385**
PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF JASON PHILLIPS,
PETITIONER-APPELLANT,

V                                        MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Wyoming County
(Michael M. Mohun, A.J.), entered December 22, 2015 in a proceeding
pursuant to CPLR article 78.  The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner commenced this proceeding seeking to
annul a determination finding him guilty, following a tier III
hearing, of violating inmate rules 101.10 (7 NYCRR 270.2 [B] [2] [i]
[engaging in sexual acts]), 106.10 (7 NYCRR 270.2 [B] [7] [i]
[refusing a direct order]), and 180.10 (7 NYCRR 270.2 [B] [26] [i]
[violating a visitation procedure]).  Petitioner appeals from a
judgment dismissing the petition.

At the outset, with regard to petitioner's contention that
Supreme Court erred in determining that the record of the
administrative hearing was sufficient to permit meaningful judicial
review even in the absence of a certain videotape that was misplaced
following the hearing and determination, we note that the videotape
has since been found by respondent and has been forwarded to us for
our in camera review.  This is thus not a case in which respondent has
failed to provide a complete record of the administrative proceedings
(*see* CPLR 7804 [e]), thereby precluding meaningful review of the
determination and warranting a granting of the petition and an
annulment of the determination (*see generally Matter of Tolliver v
Fischer*, 125 AD3d 1023, 1023-1024, *lv denied* 25 NY3d 908; *Matter of
Farrell v New York State Off. of the Attorney Gen.*, 108 AD3d 801, 801-
802).

Contrary to petitioner's contention, the court did not err in concluding that the Hearing Officer was not biased against him and that the determination did not flow from such alleged bias (*see Matter of Jones v Annucci*, 141 AD3d 1108, 1109; *Matter of Barnes v Annucci*, 140 AD3d 1779, 1779; *Matter of Colon v Fischer*, 83 AD3d 1500, 1501-1502; *see also Matter of Green v Sticht*, 124 AD3d 1338, 1339, *lv denied* 26 NY3d 906). Petitioner failed to exhaust his administrative remedies with regard to his contention that the Hearing Officer improperly excluded him from the hearing room, and we therefore have no discretionary power to reach that contention (*see generally Matter of Gray v Annucci*, 144 AD3d 1613, 1614; *Matter of Sabino v Hulihan*, 105 AD3d 1426, 1426; *Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071, *appeal dismissed* 81 NY2d 834).

Entered:  May 5, 2017                     Frances E. Cafarell
                                          Clerk of the Court