In the Matter of Luis Rosales, Appellant, v Anthony J. Annucci, Acting Commissioner, New York State Department of Corrections and Community Supervision, et al., Respondents. [56 NYS3d 403]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.) entered February 2, 2016 pursuant to a CPLR article 78 proceeding. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated inmate rules 113.25 (7 NYCRR 270.2 [B] [14] [xv] [drug possession]), and 113.23 (7 NYCRR 270.2 [B] [14] [xiii] [contraband]). Supreme Court dismissed the petition, and we affirm. Petitioner initially contends that he was not allowed to observe the search of his cell in violation of Department of Corrections and Community Supervision directive No. 4910 (V) (D) (1). Although that directive "provides that an inmate removed from his or her cell for a search has the right to observe the search absent a determination that he or she presents a safety or security risk," that directive is inapplicable here because petitioner was removed from his cell for a urine screen and administrative segregation and thus was not " 'removed from his cell for the purpose of conducting the search' " (*Matter of Hawley v Annucci*, 137 AD3d 1621, 1622 [2016]; *see Matter of Burgos v Prack*, 129 AD3d 1434, 1434-1435 [2015]).

Petitioner further contends that his hearing was not completed within the requisite 14-day time period (*see* 7 NYCRR 251-5.1 [b]). As a preliminary matter, we note that petitioner incorrectly measures the 14-day time period from the date of the incident rather than the date of the misbehavior report (*see id.*). In any event, petitioner's contention lacks merit. "Although the hearing was not completed within 14 days following the writing of the misbehavior report . . . , it was commenced within that time limit[,] and an extension was properly authorized by the Commissioner's designee" (*Matter of Talley v Walker*, 203 AD2d 924, 924 [1994], *lv denied* 84 NY2d 803 [1994], *cert denied* 514 US 1131 [1995]; *see Matter of Edwards v Fischer*, 87 AD3d 1328, 1329 [2011]). We further note that " 'the time requirement set forth in 7 NYCRR 251-5.1 (b) is merely directory, . . . not mandatory, and there has been no showing by petitioner that he suffered any prejudice as a result of the delay' " (*Edwards*, 87 AD3d at 1329).

Contrary to the contention of petitioner, the failure to provide photographs of the contraband seized from his cell did not constitute a denial of his right to present documentary evidence inasmuch as such photographs did not exist (*see Matter of Spears v Fischer*, 103 AD3d 1135, 1136 [2013]; *Matter of Rodriguez v Goord*, 18 AD3d 1081, 1081 [2005]), and "[t]he employee assistant 'cannot be faulted for . . . failing to provide petitioner with documentary evidence that did not exist' " (*Matter of Green v Sticht*, 124 AD3d 1338, 1338 [2015], *lv denied* 26 NY3d 906 [2015]; *see Matter of Russell v Selsky*, 50 AD3d 1412, 1413

[2008]). Moreover, "the record establishes that petitioner was provided with all relevant documentation" (*Green*, 124 AD3d at 1339). We have reviewed petitioner's remaining contentions concerning the alleged ineffectiveness of his employee assistant, and we conclude that they lack merit. The employee assistant made the requisite efforts to obtain documents and witnesses (*see Matter of Perez v Fischer*, 62 AD3d 1104, 1105 [2009]), and petitioner's requests for documents that were collateral and "irrevelant to the charge[s] at issue" were properly denied (*Matter of Mullamphy v Fischer*, 112 AD3d 1177, 1177 [2013]).

Although petitioner contends in his brief that he was denied his right to be present for the telephonic testimony of two witnesses and to have one of those two witnesses recalled for the purpose of clarifying that witness's earlier testimony, we agree with respondents that most of petitioner's contentions are not properly before us. At the hearing, petitioner never complained that he was not allowed to be present for the witnesses' testimony. In the administrative appeal, petitioner complained of only the refusal to recall the one witness. Petitioner thus failed to exhaust his administrative remedies with respect to the contention that he was denied his right to be present during the testimony of the two witnesses, " 'and this Court has no discretionary authority to reach that contention' " (*Matter of McFadden v Prack*, 93 AD3d 1268, 1269 [2012]; *see Matter of Jones v Annucci*, 141 AD3d 1108, 1109 [2016]). With respect to petitioner's contention that the Hearing Officer erred in failing to recall the one witness, we conclude that petitioner's contention lacks merit. Petitioner claims that he needed to recall the witness to clarify who made a particular statement, but the witness never testified that he heard the statement. As a result, that witness's testimony "did not require clarifying" (*Matter of Culbreath v Selsky*, 286 AD2d 817, 817 [2001]).

Petitioner failed to exhaust his administrative remedies with respect to his remaining contentions, including his contention that the determination is not supported by substantial evidence, by failing to raise them on his administrative appeal, and this Court has no discretionary power to reach them (*see Matter of Sabino v Hulihan*, 105 AD3d 1426, 1426 [2013]; *Matter of Wearen v Deputy Supt. Bish*, 2 AD3d 1361, 1362 [2003]). Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.