Matter of DiStefano v Annucci (2018 NY Slip Op 07864)





Matter of DiStefano v Annucci


2018 NY Slip Op 07864


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1120 TP 18-00969

[*1]IN THE MATTER OF MERRIN DISTEFANO, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






MERRIN DISTEFANO, PETITIONER PRO SE. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Orleans County [Michael M. Mohun, A.J.], entered May 22, 2018) to review determinations of respondent. The determinations found after tier II and tier III hearings that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determinations are unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a series of five determinations, after tier II and tier III hearings, that she violated several inmate rules arising from several incidents. The record establishes that this proceeding was untimely inasmuch as it was commenced more than four months after each of the final administrative determinations in this matter (see CPLR 217 [1]; Matter of Jackson v Fischer, 78 AD3d 1335, 1335 [3d Dept 2010], lv denied 16 NY3d 705 [2011]). Furthermore, even assuming, arguendo, that this proceeding was timely commenced with respect to the fifth determination, we reject petitioner's contention that the determination is not supported by substantial evidence. The misbehavior report, together with the testimony of the correction officer who witnessed the incident, "constitutes substantial evidence supporting the determination that petitioner violated [the applicable] inmate rule[s]" (Matter of Oliver v Fischer, 82 AD3d 1648, 1648 [4th Dept 2011]; see Matter of Jones v Annucci, 141 AD3d 1108, 1108-1109 [4th Dept 2016]). Petitioner's denial of the reported misbehavior merely raised an issue of credibility for the Hearing Officer (see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]).
We have considered petitioner's remaining contentions and
conclude that they do not require a different result.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court