Matter of Davis v Bedard (2018 NY Slip Op 08608)





Matter of Davis v Bedard


2018 NY Slip Op 08608


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526634

[*1]In the Matter of DASHAWN DAVIS, Petitioner,
v
COREY BEDARD, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: October 26, 2018

Before: Garry, P.J., McCarthy, Clark, Aarons and Rumsey, JJ.


Dashawn Davis, Ossining, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Several weeks after petitioner received emergency medical treatment from a nurse at Upstate Medical University Hospital, that nurse received a handwritten letter from him in which he, among other things, identified himself as the prisoner that came from the Auburn Correctional Facility, referenced his release date, requested correspondence from the nurse and expressed an awareness of the nurse's work schedule. After the nurse reported this incident and that she felt threatened by the letter, petitioner was charged in a misbehavior report with stalking, making threats and violating correspondence procedures. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. On administrative review, that determination was modified by dismissing the stalking charge. This CPLR article 78 proceeding ensued.
We confirm. Initially, inasmuch as petitioner has limited his brief by challenging only the charge of making threats, he has abandoned any challenge to the sufficiency of the evidence supporting the determination of guilt with respect to violating correspondence procedures (see e.g. Matter of Rodriguez v Venettozzi, 156 AD3d 1029, 1030 [2017]). With respect to the charge of making threats, the misbehavior report, hearing testimony — during which petitioner admitted to authoring the letter — and confidential documents reviewed by the Hearing Officer in camera provide substantial evidence to support the determination of guilt (see Matter of Christian v Venettozzi, 114 AD3d 975, 975 [2014]; Matter of Alston v Goord, 25 AD3d 852, 852 [2005]; Matter of Ellis v Coombe, 253 AD2d 945, 945 [1998]; cf. Matter of Henriquez v [*2]Goord, 293 AD2d 857, 858 [2002]). Petitioner's remaining contentions are either unpreserved for our review or are without merit.
Garry, P.J., McCarthy, Clark, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.