Matter of Burroughs v Colvin (2019 NY Slip Op 02224)





Matter of Burroughs v Colvin


2019 NY Slip Op 02224


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


321 CA 18-01228

[*1]IN THE MATTER OF LORCEN BURROUGHS, PETITIONER-APPELLANT,
v
SUPERINTENDENT JOHN COLVIN, CAPTAIN DAVID M. GLEASON, LT. ANDREW P. GIANNINO AND ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. 






LORCEN BURROUGHS, PETITIONER-APPELLANT PRO SE.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered April 16, 2018 in a CPLR article 78 proceeding. The judgment denied the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination finding him guilty, following a tier II hearing, of violating inmate rules 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]) and 180.11 (7 NYCRR 270.2 [B] [26] [ii] [facility correspondence violation]). Petitioner appeals from a judgment denying his petition. We affirm.
Petitioner's contention that the determination is not supported by substantial evidence was not raised in the petition and is therefore not properly before us (see Matter of Cole v Goord, 47 AD3d 1148, 1148 [3d Dept 2008]; see generally Matter of Pigmentel v Selsky, 19 AD3d 816, 817 [3d Dept 2005]; Matter of Bones v Kelly, 122 AD2d 593, 593 [4th Dept 1986]). Petitioner's further contention that the Hearing Officer erred in denying his request to call a certain witness at the hearing was not raised in petitioner's administrative appeal. Petitioner thus failed to exhaust his administrative remedies with respect to that contention (see Matter of Ballard v Kickbush, 165 AD3d 1587, 1589 [4th Dept 2018], appeal dismissed — NY3d — [Feb. 14, 2019]), and this Court " has no discretionary power to reach [it]' " (Matter of Jones v Annucci, 141 AD3d 1108, 1109 [4th Dept 2016]; see Matter of Ross-Simmons v Fischer, 115 AD3d 1234, 1234 [4th Dept 2014]). Finally, contrary to petitioner's contention, Supreme Court did not err in rejecting his assertion that the Hearing Officer was biased or that the determination flowed from such alleged bias (see Matter of Phillips v Annucci, 150 AD3d 1673, 1674 [4th Dept 2017]; Matter of Jeanty v Graham, 147 AD3d 1323, 1325 [4th Dept 2017]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court