Matter of Watson v Annucci (2019 NY Slip Op 04532)





Matter of Watson v Annucci


2019 NY Slip Op 04532


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


23 TP 18-01652

[*1]IN THE MATTER OF KYLE WATSON, PETITIONER,
v
ANTHONY J. ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






KYLE WATSON, PETITIONER PRO SE.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [M. William Boller, A.J.], entered September 7, 2018) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated an inmate rule. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated inmate rule 103.10 (7 NYCRR 270.2 [B] [4] [i] [extortion]). Contrary to petitioner's contention, we conclude that Supreme Court properly transferred the entire proceeding to this Court inasmuch as the "petition raises a substantial evidence question, and the remaining points made by petitioner are not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g)" (Matter of Quintana v City of Buffalo, 114 AD3d 1222, 1223 [4th Dept 2014], lv denied 23 NY3d 902 [2014]). We further conclude that the misbehavior report, the hearing testimony, the documentary evidence, and the confidential information together constitute substantial evidence supporting the determination (see generally People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]).
We reject petitioner's contention that the hearing officer was biased (see Matter of Colon v Fischer, 83 AD3d 1500, 1501-1502 [4th Dept 2011]). The fact that the hearing officer rejected petitioner's denial of guilt is insufficient to establish bias (see Matter of Edwards v Fischer, 87 AD3d 1328, 1329 [4th Dept 2011]). In addition, the record does not support petitioner's contention that the hearing officer failed to make an independent assessment of the reliability of the confidential information (see generally Matter of Weaver v Goord, 301 AD2d 770, 770-771 [3d Dept 2003], lv denied 100 NY2d 505 [2003]). Contrary to petitioner's further contention, he had no right to confront and cross-examine the confidential source (see Matter of Heard v Annucci, 155 AD3d 1166, 1167 [3d Dept 2017]). Finally, petitioner's contention that the determination must be annulled because the hearing was unreasonably delayed in violation of 7 NYCRR 251-5.1 (b) is without merit. The hearing was extended to obtain the testimony of witnesses, which is permissible (see Matter of Wright v New York State Dept. of Corr. & Community Supervision, 155 AD3d 1137, 1138 [3d Dept 2017], appeal dismissed 30 NY3d 1090 [2018]). Moreover, that regulation is "directory only" (Matter of Comfort v Irvin, 197 AD2d 907, 908 [4th Dept 1993], lv denied 82 NY2d 662 [1993]), and where, as here, there is no showing of prejudice resulting from the delay, the failure to complete the hearing in a timely manner does not warrant annulment of the determination (see Matter of Rosales v Annucci, 151 AD3d 1748, 1749 [4th Dept 2017], lv denied 30 NY3d 902 [2017]; Matter of Dash v Goord, 255 AD2d 978, 978-979 [4th Dept 1998]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court