Matter of Hinspeter v Annucci (2020 NY Slip Op 05376)





Matter of Hinspeter v Annucci


2020 NY Slip Op 05376


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND BANNISTER, JJ.


746 TP 20-00251

[*1]IN THE MATTER OF JOHN HINSPETER, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (DUSTIN J. BROCKNER OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered February 11, 2020) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 113.11 (7 NYCRR 270.2 [B] [14] [ii]) and as modified the determination is confirmed without costs and respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier II hearing, that he violated inmate rules 113.11 (7 NYCRR 270.2 [B] [14] [ii] [possession of altered item]) and 116.11 (7 NYCRR 270.2 [B] [17] [ii] [tampering with State or personal property without authorization]). Contrary to petitioner's contention, the Hearing Officer did not improperly preclude him from calling a deputy superintendent as a witness inasmuch as the hearing record establishes that this witness had no material or nonredundant information with respect to the retaliation claim alleged by petitioner (see 7 NYCRR 253.5 [a]). Petitioner's contention that the Hearing Officer was required to make an inquiry into certain inmate witnesses' respective refusals to testify is unpreserved because petitioner failed to object on that ground at the hearing (see Matter of Clark v Annucci, 170 AD3d 1499, 1500 [4th Dept 2019]). We reject petitioner's additional contention that the determination that he violated inmate rule 116.11 is not supported by substantial evidence (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]).
As respondent correctly concedes, however, the determination that petitioner violated inmate rule 113.11 is not supported by substantial evidence. We therefore modify the determination by granting the petition in part and annulling that part of the determination finding that petitioner violated that rule, and we direct respondent to expunge from petitioner's institutional record all references thereto (see Matter of Lago v Annucci, 177 AD3d 1309, 1310 [4th Dept 2019]). Inasmuch as petitioner has already served the penalty and there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty (see id.).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court