Matter of Robinson v Annucci (2021 NY Slip Op 06258)





Matter of Robinson v Annucci


2021 NY Slip Op 06258


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


877 TP 21-00792

[*1]IN THE MATTER OF WILLIAM ROBINSON, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered May 27, 2021) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 101.22 (7 NYCRR 270.2 [B] [2] [v]) and as modified the determination is confirmed without costs and respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination finding him guilty following a tier III hearing of, inter alia, violating inmate rule 101.22 (7 NYCRR 270.2 [B] [2] [v] [stalking]). We agree with petitioner that the determination that petitioner violated that rule is not supported by substantial evidence. We therefore modify the determination by granting the petition in part and annulling that part of the determination finding that petitioner violated rule 101.22, and we direct respondent to expunge from petitioner's institutional record all references thereto (see Matter of Lago v Annucci, 177 AD3d 1309, 1310 [4th Dept 2019]). Inasmuch as petitioner has already served the penalty and there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty (see Matter of Hinspeter v Annucci, 187 AD3d 1578, 1579 [4th Dept 2020]).
Petitioner's further contention that the Hearing Officer denied his request to call a certain witness at the hearing in violation of procedural regulations was not raised in petitioner's administrative appeal. Petitioner thus failed to exhaust his administrative remedies with respect to that contention (see Matter of Ballard v Kickbush, 165 AD3d 1587, 1589 [4th Dept 2018], appeal dismissed 32 NY3d 1182 [2019]), and this Court " 'has no discretionary power to reach [it]' " (Matter of Jones v Annucci, 141 AD3d 1108, 1109 [4th Dept 2016]; see Matter of Ross-Simmons v Fischer, 115 AD3d 1234, 1234 [4th Dept 2014]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court