Matter of Johnson v Eckert (2023 NY Slip Op 00578)

Matter of Johnson v Eckert

2023 NY Slip Op 00578

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

931 TP 22-00878

[*1]IN THE MATTER OF LEROY JOHNSON, PETITIONER,
v
STEWART T. ECKERT, SUPERINTENDENT, WENDE CORRECTIONAL FACILITY, RESPONDENT. 

LEROY JOHNSON, PETITIONER PRO SE. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Paul Wojtaszek, J.], entered September 23, 2021) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 104.13 (7 NYCRR 270.2 [B] [5] [iv]) and as modified the determination is confirmed without costs and respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier II hearing, that he violated inmate rules 104.13 (7 NYCRR 270.2 [B] [5] [iv] [engaging in conduct that disturbs the order of any part of the facility]) and 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to obey a direct order]). We reject petitioner's contention that the determination that he violated inmate rule 106.10 is not supported by substantial evidence (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]).
As respondent correctly concedes, however, the determination that petitioner violated inmate rule 104.13 is not supported by substantial evidence. We therefore modify the determination by granting the petition in part and annulling that part of the determination finding that petitioner violated that rule, and we direct respondent to expunge from petitioner's institutional record all references thereto (see Matter of Lago v Annucci, 177 AD3d 1309, 1310 [4th Dept 2019]). Inasmuch as petitioner has already served the penalty and there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty (see Matter of Hinspeter v Annucci, 187 AD3d 1578, 1579 [4th Dept 2020]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court