Matter of Bradshaw v Annucci (2024 NY Slip Op 03966)

Matter of Bradshaw v Annucci

2024 NY Slip Op 03966

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

440.1 TP 23-01958

[*1]IN THE MATTER OF DARRYL BRADSHAW, PETITIONER,
v
ANTHONY J. ANNUCCI, RESPONDENT. 

DARRYL BRADSHAW, PETITIONER PRO SE. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered November 2, 2023) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various incarcerated individual rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul a determination, following a tier III disciplinary hearing, that he violated, inter alia, incarcerated individual rule 100.11 (7 NYCRR 270.2 [B] [1] [ii] [assault on staff]).
We reject petitioner's contention that he did not receive adequate notice of an assault on staff charge purportedly concerning a correction officer not mentioned in the misbehavior report. Even if the Hearing Officer named the wrong correction officer in his oral disposition as being the victim of the assault on staff charge, he identified in the written determination the proper correction officer, who was the same correction officer who was identified as the victim in the misbehavior report (see generally Matter of Green v Sticht, 124 AD3d 1338, 1338 [4th Dept 2015], lv denied 26 NY3d 906 [2015]).
Contrary to petitioner's contention, the record here is sufficient to permit meaningful review of the determination. Although the hearing transcript is missing portions of the proceedings, "the gaps are not so substantial or significant as to preclude meaningful review of the . . . arguments advanced by petitioner" (Matter of Smith v Annucci, 217 AD3d 1306, 1306 [3d Dept 2023] [internal quotation marks omitted]; see Matter of Santos v Annucci, 209 AD3d 1084, 1086 [3d Dept 2022]; see also Matter of Phillips v Annucci, 150 AD3d 1673, 1674 [4th Dept 2017]).
Contrary to petitioner's further contention, we conclude that the misbehavior report and the video and photographic evidence constitute substantial evidence to support the determination that petitioner violated incarcerated individual rule 100.11 (see generally Matter of Thomas v Annucci, 193 AD3d 1356, 1357 [4th Dept 2021]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court